UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE CAVANAUGH, an individual and as personal representative of the Estate of RICHARD BOULANGER; the Estate of RICHARD BOULANGER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal Corporation; Sherriff BILL GORE individually and in his official capacity as Sherriff for the County of San Diego; and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.: 3:18-cv-02557-BEN-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 4] |

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs Shane Cavanaugh and the Estate of Richard Boulanger (collectively "Plaintiffs") Motion to Remand to the Superior Court of the State of California, County of San Diego, from which it was removed. Defendants oppose the motion, and the issues are fully briefed.

## II. BACKGROUND

On February 8, 2018, Plaintiffs filed a six-count complaint[1] against defendants County of San Diego and Sheriff William Gore (collectively "Defendants") for (1)

---

[1] *Richard Boulanger, et al. v. County of San Diego*, et al. and Does 1 through 50, Superior Court Case No. 37-2018-00006943-CU-CR-CTL.

1

3:18-cv-02557-BEN-LL

*violation of the Fourteenth Amendment, brought pursuant to 42 U.S.C. § 1983,* (2) *Deliberate Indifference to Decedents Medical Needs,* (3) *Wrongful Death,* (4) *Loss of Familial Relationship,* (5) *Survival Action* and (6) *Monell Claims in the Superior Court of California, County of San Diego.* (Doc. No. 1.)[2] Defendants were served with the summons and Complaint on February 27, 2018. On October 26, 2018, Defendants received a copy of the proposed First Amended Complaint ("FAC") that the Plaintiffs intended to file in the Superior Court adding defendants Brett Germain, Kevin Kamoss, Stanley Dixon, Michael Pacheco, and Joseph Reyes. (*Id.*) None of the new defendants have been served with the FAC. *Id.*

According to the FAC, on or before February 12, 2016, Richard Boulanger (hereinafter "DECEDENT") was arrested and placed in the custody of Defendants. (Doc. 1 ¶ 13.) At the time of his arrest Decedent was a known opiate user who was suffering from symptoms of withdrawal. *Id.* On February 12, 2016, Decedent's cellmate awoke to find Decedent hanging by his neck from the upper bunk via a homemade noose fabricated from a bedsheet. *Id.* ¶ 14.

Cellmate pressed the intercom button 4-10 times to obtain medical assistance for Decedent. *Id.* ¶ 15. After receiving no response, cellmate started pounding on the cell door to get Defendants' attention. Despite cellmates frantic efforts, approximately 20 minutes elapsed before help arrived. *Id.* ¶ 16. Upon observing Decedent's condition, Defendants ordered him transported to the UCSD Medical Center where he passed away on February 14, 2016, due to multisystem failure. *Id.* ¶ 17.

Plaintiffs allege that Sheriff's deputies are required to respond to inmates emergency requests, as well as perform "well checks" to assess each inmate's well-being throughout their shift. *Id.* ¶ 18. In this case, Plaintiffs claim video surveillance from February 12, 2016, proves that deputies failed to timely respond to cellmates intercom alerts, and also

---

[2] Pin citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of each page.

2

3:18-cv-02557-BEN-LL

did not complete the required "well check" of Decedent's cell prior to his suicide attempt that evening. *Id.* ¶ 19. Plaintiffs argue that the deputies' failure to perform the required "well check," or respond timely to cellmates intercom alert caused a significant delay in discovering Decedent's suicide attempt and is ultimately the proximate cause of decedent's death. *Id.* ¶¶ 20-21.

Plaintiff filed his Complaint in the Superior Court, County of San Diego on February 8, 2018. On October 26, 2018, Defendants' counsel received notice via email of Plaintiff's intent to file a FAC adding five new Defendants to replace DOES 1 through 5 and asserting "allegations of violation of 42 U.S.C. § 1983" against each of the new Defendants. (Doc. No. 1 at 2.) Defendants removed the case ten days later on November 8, 2018. (Doc. No. 1.) As of the time of removal, none of the new Defendants had been served with the FAC. Plaintiff seeks to remand the action back to state court alleging the motion is untimely and the Court lacks subject matter jurisdiction over the suit. (Doc. No. 6.) The matter is now pending before this Court.

### III. **DISCUSSION**

The federal court is one of limited jurisdiction. *Gould v. Mutual Life Ins. Co. v. N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93-94 (1998). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The burden of proving any jurisdictional fact rests upon the party seeking to invoke the jurisdiction of the federal courts. At any time during the proceedings, a district court may *sua sponte* remand a case to state court if the court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014). In circumstances where a defendant's removal of the action is objectively

unreasonable, the Court may award attorney's fees under § 1447(c).[3] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005).

### A. *Timeliness of the Removal*

This case presents the question of whether a later-joined defendant may remove a case to the federal court when the initial defendants had declined to do so.

The Court first considers the timeliness of the defendants' Notice of Removal. The proper time for removal is governed by 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(b) states in pertinent part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action.

Here, the parties disagree over whether the Defendants' notice of removal was timely.

Plaintiffs contend that the Defendants' removal was untimely, arguing that the Defendants' were well aware of the Complaint's § 1983 claims, yet they failed to remove

---

[3] A district court maintains jurisdiction after remand to enter an award of fees and costs under 1447(c). *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 445 (9th Cir. 1992) ([I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.") While the appropriateness of fee-shifting is left to the discretion of the Court in this instance, the Court must be mindful of Congressional intent.

4

3:18-cv-02557-BEN-LL

the action when it was initially commenced and instead litigated the matter before the state court over the next ten months. *Id.* (*See* Doc. No. 4. at 8.) By failing to remove the action in a timely manner, Plaintiffs allege the Defendants effectively waived their right to removal.

The Court finds Plaintiffs' assessment to be partially correct. Plaintiffs correctly argue that Defendants County of San Diego and Sheriff Bill Gore effectively waived their initial right to remove the suit by not removing it within their 30-day window. *See McGee Wine Merchants, LLC v. Jam Cellars, Inc.*, 2016 WL 2943814.

However, Plaintiffs assertion of untimeliness as to Defendants Kevin Kamoss, Michael Pacheco, Brett Germaine, Stanley Dixon, and Joseph Reyes is inaccurate. The FAC is an entirely new case as to these Defendants. Accordingly, they are entitled to a thirty-day removal period.

Since the Defendants filed their removal paperwork 10-days after receiving notice from the Plaintiff, removal was well within the thirty-day removal period. Therefore, Defendants' removal was not untimely.[4]

### B. *Waiver of Removal*

Next, the Court must examine whether the Defendants waived their right to remove by litigating on the merits at the state court. A state court Defendant may lose or waive the right to remove a case to federal court by taking some substantial offensive or

---

[4] While not directly asserted by the Plaintiff, the Court finds it necessary to note that Defendants motion was not submitted prematurely either. Statutory language of 28 U.S.C. § 1446(b) provides that the thirty-day period from which a defendant has to remove a suit begins to run upon "receipt by defendant, by service or otherwise." Thus, Defendants have thirty days from the date the defendants are served with process to file a notice of removal. However, it is well established that defendants may also waive service. *See generally Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). In this case, had the Court found the motion was submitted prematurely, the suit would be remanded to the state court, only to be removed again after the Defendants were served with process. Thus, any argument that the Defendants' notice of removal is premature due to lack of filing or service is without merit.

5

defensive action in the state court before filing a notice of removal. However, waiver will not occur when the Defendant's participation in the state action has not been substantial or when it was dictated by the rules of that court.

Plaintiff argues the Defendants waived their right to remove the suit through their conduct of actively litigating the case in Superior Court for the past 10 months, thereby submitting to state court jurisdiction. (Doc. No. 7 at 3.)

The Court finds the Plaintiff's argument addressing waiver to be without merit because "each defendant is entitled to thirty days to exercise his removal rights after being served." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Furthermore, 28 U.S.C. § 1446(b)(2)(c) provides that when "defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *See* 28 U.S.C. § 1446(b)(2)(c).

While Defendants County of San Diego and Bill Gore may have initially waived their right to removal, no evidence has been presented indicating Kevin Kamoss, Michael Pacheco, Brett Germaine, Stanley Dixon, or Joseph Reyes waived their individual rights or engaged in conduct indicating such a waiver. The newly added Defendants did not litigate on the merits, nor did their actions manifest an "intention …to abandon [their] right to a federal forum," as the Ninth Circuit requires in order to find a waiver. *Resolution Trust Co. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). Furthermore, Defendants cannot be penalized for taking "necessary defensive action" or to preserve the status quo. *Id.* Finally, Defendants Motion for Removal indicates *all* 7 Defendants consented to removal. Therefore, the Court concludes the Defendants did not waive their right to remove this action.

### C. *Lack of Jurisdiction*

Any action initially brought in state courts may be removed if the "district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28

U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff argues "this case has concurrent state court jurisdiction and should be remanded to the state court it was originally brought in." (Doc. No. 4 at 3.) Plaintiff contends that this is especially true considering "California state courts are obligated to hear § 1983 claims," and "§ 1983 claims are not exclusive to federal courts."[5] *Id.*

As discussed *supra*, the original Complaint and FAC contain federal claims under Section § 1983. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Defendants did not waive their rights and timely removed the suit within the allotted 30-day window. Therefore, this Court has jurisdiction.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Remand, (Doc. No. 6).

**IT IS SO ORDERED.**

Dated: July 15, 2019

HON. ROGER T. BENITEZ
United States District Judge

---

[5] "Absent a finding of congressional intent to prevent state courts from hearing a federally created claim, state courts have concurrent jurisdiction over a federal claim." *Charles Dowd Box Co., Inc. v. Courtney*, 368 U.S. 502.

7

3:18-cv-02557-BEN-LL