UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE CAVANAUGH, an individual and as personal representative and successor in interest of the Estate of RICHARD BOULANGER; the Estate of RICHARD BOULANGER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal Corporation; SHERRIFF BILL GORE, individually and in his official capacity as Sherriff for the County of San Diego; and DOES 1-50 inclusive,<br><br>Defendants. | Case No.: 3:18-cv-02557-BEN-LL<br><br>**ORDER GRANTING MOTION TO APPOINT SHANE CAVANAUGH AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF RICHARD BOULANGER**<br><br>[Doc. No. 20] |

The matter before the Court is Plaintiffs' Ex Parte Motion to Appoint Shane Cavanaugh as Successor in Interest to the Estate of Richard Boulanger.

## I. BACKGROUND

On February 9, 2018, Plaintiffs Shane Cavanaugh, an individual and as personal representative and successor in interest of the Estate of Richard Boulanger, and the Estate of Richard Boulanger initiated this action by filing the Complaint against Defendants County of San Diego, and William Gore in the Superior Court of California, County of San Diego – Central Division. Plaintiffs' Complaint alleges six causes of action

including (1) Civil Right; (2) Deliberate Indifference to Decedents Medical Needs; (3) Wrongful Death; (4) Loss of Familial Relationship; (5) Survival Action; (6) *Monell* municipal liability civil rights action. On November 8, 2018, Defendants removed the case to the Southern District Court. (Doc. No. 1.) The Plaintiff moved to remand the case back to the state court in December 2018. On July 17, 2018, the court denied Plaintiff's motion for remand.

On August 25, 2019, Plaintiffs filed an *Ex Parte* Motion to Appoint Plaintiff Shane Cavanaugh as Successor-in-Interest to the Estate of Richard Boulanger by Shane Cavanaugh. (Doc. No. 16.) On August 26, 2019, the Plaintiff's filed a Notice of Withdrawal of Docket No. 16 by Shane Cavanaugh. (Doc. No. 19.)

On August 26, 2019, Plaintiffs filed an Ex Parte Motion to Appoint Plaintiff Shane Cavanaugh as Successor-in-Interest to the Estate of Richard Boulanger by Shane Cavanaugh. (Doc. No. 20.)

## II. **RULING OF COURT**

In actions pursuant to 42 U.S.C. § 1983, "the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action. The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Law Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (internal citations omitted). *See also* Fed. R. Civ. P. 17(b) ("[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held."). Under California law, "[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, ... and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. § 377.30.

**A. Successor In Interest**

In California, the person who seeks to commence an action as the decedent's successor in interest is required to execute and file an affidavit or declaration under penalty of perjury, stating:

> (1) the decedent's name. (2) The date and place of decedent's death. (3) "No proceeding is now pending in California for the administration of the decedent's estate." (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest. (5) Either of the following, as appropriate, with facts in support thereof: (A) "The affiant or declarant is the decedent's successor in interest ... and succeeds to the decedent's interest in the action or proceeding." (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest ... with respect to the decedent's interest in the action or proceeding." (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

Cal.Civ.Proc.Code § 377.32(a).

"Successor in interest" is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. § 377.11.

"Beneficiary of the decedent's estate" means "[i]f the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will," or "[i]f the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action ..." Cal. Civ. Proc. § 377.10(a), (b).

Plaintiff Shane Cavanaugh's affidavit states:

> I, SHANE CAVANAUGH, being duly sworn, hereby declare:
>
> ...
>
> 2. The decedent is my father, Richard Boulanger.

3. My father Richard Boulanger died in the city and county of San Diego, California on February 14, 2016. He was 51 years old.

4. A true and correct copy of Richard Boulanger's death certificate is attached as Exhibit C.

5. My father has never been married. He did not leave behind any will. He did not leave any testamentary instrument or other written document designating any beneficiary or making any donative transfer of property. Richard Boulanger died intestate.

6. Because my father Richard Boulanger did not leave behind any will or other testamentary instrument, there is no probate proceeding pending in California for the administration of his estate.

7. I am the decedent's successor in interest and succeed to the decedent's interest in this action.

8. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

(Doc. No. 20-1, Exh. A).

Here, the Court finds that Shane Cavanaugh's filed declaration in support of the Estate of Richard Boulanger *Ex Parte* Motion meets the requirements of section § 377.32(a). (Doc. No. 20-1, Exh. A ¶¶ 1-12.) Shane Cavanaugh has also filed a copy of the Decedent's death certificate, as required by section § 377.32(c). (Doc. No. 20-2, Exh. B.)

///
///
///
///
///
///
///

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the *Ex Parte* Application for Order Appointing Shane Cavanaugh as Successor in Interest to the Estate of Richard Boulanger is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 10, 2019

HON. ROGER T. BENITEZ
United States District Judge