UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE CAVANAUGH, et al.<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  18cv2557-BEN-LL<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE ON MAY 6, 2020** |

On May 6, 2020, the Court held a telephonic attorneys-only discovery conference to discuss certain disputes. ECF No. 42. In preparation for the call, the Court ordered each party to lodge and exchange a brief statement setting forth their respective positions and supporting legal authority. The Court reviewed the statements and discussed them with the parties during the discovery conference. Based on the statements and the parties' representations during the conference, the Court issues this order regarding depositions.

Due to the current physical distancing orders in place for the coronavirus pandemic, Plaintiffs would like to conduct depositions of Defendants remotely by videoconference. Defendants oppose remote depositions of Defendants and wish to continue the fact discovery deadline because in-person depositions may be possible at a later time. Defendants claim they will be prejudiced by remote depositions because they are not

sophisticated deponents with substantial deposition experience and defense counsel will be unable to prepare them in person for important depositions. Defendants further claim they will be prejudiced because defense counsel will not be present in person with Defendants during the depositions and because the confidentiality of the depositions will be jeopardized by having to conduct remote depositions from homes with other people present.

The Federal Rules of Civil Procedure state that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). A showing of extraordinary circumstances is not required in a motion for remote depositions and "leave should be liberally granted in appropriate cases." Kaseberg v. Conaco, LLC, No. 15cv01637-JLS-DHB, 2016 WL 8729927, at *5 (S.D. Cal. Aug. 19, 2016) (quoting Jahr v. IU Int'l Corp., 109 F.R.D. 429, 431 (M.D.N.C. 1986)). "Thus, upon giving a legitimate reason for taking a deposition [remotely], the movant need not further show an extraordinary need for the deposition." Id. (quoting Jahr v. IU Int'l Corp., 109 F.R.D. at 431). "Once the movant gives a legitimate reason, the burden is on the party opposing the motion to show that it will suffer prejudice if the motion is granted." Id. at *6.

The Court finds that the physical distancing orders related to the current pandemic are a legitimate reason for holding depositions remotely. Defendants, however, have failed to meet their burden to show prejudice. The Court finds that defense counsel may adequately prepare Defendants for the depositions by videoconference and telephone. Defense counsel will be able to attend the depositions remotely in support of Defendants and need not be with them in person because all participants will be remote. The Court also finds that deponents should be able to find a space at their residence to conduct the depositions in private. During this pandemic, attorneys and litigants are adapting to new ways to practice law, including preparing for and conducting depositions remotely. Grano v. Sodexo Mgmt., Inc., No. 18cv1818-GPC(BLM), 2020 WL 1975057, at *3 & n.5 (S.D. Cal. Apr. 24, 2020) (collecting cases). Accordingly, the Court finds that Defendants

will not be prejudiced by remote videoconference depositions. See id. (rejecting arguments that preparing for and conducting remote depositions would be unworkable).

The Court had previously extended fact discovery by about sixty days to May 29, 2020 for the sole purpose of completing depositions and the jail inspection due to concerns about community spread of COVID-19. ECF No. 41. The Court declines to further extend fact discovery on pure speculation that in-person depositions will soon be possible. The depositions shall be completed by May 29, 2020 by remote videoconference. If certain remote depositions cannot be completed by the close of fact discovery, the parties shall file a motion seeking an extension and setting forth good cause as to each deposition.

**IT IS SO ORDERED**.

Dated:  May 7, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge