UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE CAVANAUGH, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 18cv2557-BEN-LL<br><br>**ORDER RE: DEFENDANT'S MOTION FOR AN ORDER COMPELLING THE DEPOSITION OF NON-PARTY JUDY LAMBERT AND MODIFYING THE SCHEDULING ORDER**<br><br>**[ECF No. 47]** |

Currently before the Court is Defendants' County of San Diego, William Gore, Stanley Dixon, Brett Germain, Kevin Kamoss, Michael Pacheco, and Joseph Reyes (hereinafter "Defendants") Motion for an Order (1) Compelling the Deposition of Non-Party Judy Lambert (hereinafter "Lambert") and (2) Modifying the Scheduling Order for the Limited Purpose of Completing the Deposition of Non-Party Judy Lambert. [ECF No. 47-1 ("Mot.")]. Plaintiffs did not file an opposition to the Defendants' Motion. See Docket. For the reasons set forth below, Defendants' motion is **GRANTED**.

## BACKGROUND

The instant litigation was initiated on February 9, 2018 when Plaintiffs filed a Complaint seeking damages for violations of 42 U.S.C. § 1983 for the wrongful death of

Richard Boulanger who was found hanged in his cell in the San Diego County Jail on February 12, 2016. ECF No. 1-4 at 2.  Defendants removed the Complaint to federal court on November 8, 2018. ECF No. 1.  The operative Complaint is Plaintiff's First Amended Complaint,[1] which contains six claims, all of which are made pursuant to 42 U.S.C. § 1983. ECF No. 31.

Defendants served Lambert with a deposition notice and originally scheduled her deposition to take place on March 19, 2020. Mot. at 2; see also Exhibit A to Mot. However, due to California's statewide shelter-in-place order due to the COVID-19 pandemic, the deposition was postponed. Id. Following a discovery conference and a Court order for the parties to proceed with remote depositions [ECF No. 43], Defendants served Lambert with an amended notice of deposition subpoena. Exhibit B to Mot. The deposition was scheduled to take place on May 29, 2020, and was noticed to be conducted via "stenographic and audiovisual" method at Peterson Reporting. Id. Defendants state neither Lambert nor Plaintiffs' counsel served an objection to the subpoena, but Lambert failed to appear for the deposition. Mot. at 3-4; see also Docket. On June 10, 2020, counsel for the parties contacted the Court regarding Defendants' request to file a motion to compel Ms. Lambert's compliance with the subpoena. ECF No. 46. The Court issued a briefing schedule. Id. Defendants timely filed the instant Motion to Compel and Plaintiffs did not file an Opposition. ECF No. 47; see Docket.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

---

[1] On October 24, 2019, Plaintiff filed a motion for leave to file a Second Amended Complaint, which is currently pending. ECF No. 32; See Docket.

>  the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Rule 45 of the Federal Rules of Civil Procedure establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. See Fed. R. Civ. P. 45. Serving a subpoena requires delivering a copy to the named person and, if requiring that person's attendance, the tendering of fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. P. 45(b)(1). "A subpoena may command a person to attend a trial, hearing, or deposition [] within one hundred miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). "A subpoena may command: [] production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

Upon a timely motion, the court must quash or modify the subpoena that "(i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The court may, on motion, quash or modify a subpoena that

"requires (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

Courts have broad discretion to determine whether a subpoena is unduly burdensome. See Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774, 779 (9th Cir. 1994); see also Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003). For example, a subpoena is unduly burdensome where it seeks to compel testimony of a witness or production of documents regarding topics unrelated to or beyond the scope of the litigation. See Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 813-14 (9th Cir. 2003) (holding subpoenas properly quashed where their overbreadth led the court to conclude that such subpoenas were "served for the purpose of annoying and harassment and not really for the purpose of getting information."). Moreover, "if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed [] would be by definition 'undue.'" Compaq Computer Corp. v. Packard Bell Elec., Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Again, the moving party bears the burden of establishing that a subpoena is unduly burdensome. See F.D.I.C. v. Garner, 126 F.3d 1138, 1146 (9th Cir. 1997).

In a final note, although irrelevance is not among the enumerated reasons for quashing a subpoena under Rule 45(d)(3), federal courts have incorporated relevance as a factor to be considered when ruling on motions to quash. See Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005). Specifically, "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" and mandates the court's consideration of such factors as relevance, the serving party's need for the requested documents, the breadth of the discovery request, the particularity with which the documents are described, and the burden imposed. Id. (internal citations omitted).

///

## DISCUSSION

Defendants seek an order from the Court requiring Lambert to appear for a deposition and answer questions pursuant to the subpoena. Mot. at 5-6. Defendants argue that:

> Lambert's testimony is relevant to Boulanger's state of mind at the time he was incarcerated. As Boulanger's girlfriend, she may also have information that tends to support or contradict Plaintiffs' claimed damages. It is undisputed that Lambert was properly served with a subpoena, calling for her to testify at deposition. Under these circumstances, and particularly where Lambert has not taken the appropriate steps to excuse compliance with the duly served subpoena (i.e. filing a motion to quash or for a protective order to fix conditions), she should be compelled to appear on a date certain and provide deposition testimony.

Mot. at 5-6.

Defendants further request that the Court modify the Scheduling Order for the limited purpose of compelling and completing Lambert's Deposition. Id. at 6-7. The operative Scheduling Order provides that the depositions in this case were to be completed by May 29, 2020. ECF No. 41. Defendants state that Lambert's deposition was scheduled for the afternoon of May 29, 2020, when she failed to appear. Motion at 7. Defendants state that they met and conferred the following week with Plaintiffs' counsel, and then contacted the Court on June 8, 2020 to obtain a date for the discovery conference. Id. Accordingly, Defendants state that they have been diligent in bringing this Motion to Compel and good cause exists to modify the scheduling order for the limited purpose of completing Lambert's deposition. Id. at 7.

## ANALYSIS

Plaintiffs do not oppose the instant Motion to Compel, nor has Ms. Lambert moved to quash or otherwise respond to the instant subpoena. See Docket. Additionally, the Court finds that Defendants have set forth a sufficient reason under the Federal Rules of Civil Procedure to depose Ms. Lambert in the instant Motion. Finally, the Court agrees that Defendants have shown good cause to modify the scheduling order for the limited purpose

of completing Ms. Lambert's deposition.

Accordingly, the Court **GRANTS** Defendants' Motion to Compel and **ORDERS** Ms. Lambert to comply with the subpoena. Defendants are **ORDERED** to serve a copy of this Order on Ms. Lambert on or before **June 22, 2020** and to remotely complete the deposition of Ms. Lambert conference on or before **June 29, 2020**.

**IT IS SO ORDERED**.

Dated:  June 18, 2020

Honorable Linda Lopez
United States Magistrate Judge