UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE CAVANAUGH; and THE ESTATE OF RICHARD BOULANGER,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  18cv2557-BEN-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE MOTION TO CONTINUE OR VACATE ALL REMAINING PRETRIAL MOTION DEADLINES AND MANDATORY SETTLEMENT CONFERENCE WHILE DEFENDANTS' MOTION TO DISMISS IS PENDING**<br><br>**[ECF No. 58]** |

Currently before the Court is Defendants' ex parte motion requesting that the Court continue for sixty to ninety days all remaining pretrial dates and deadlines, or alternatively, vacate all remaining dates and deadlines until the Court issues its ruling on the pending motion to dismiss.[1] ECF No. 58 ("Motion" or "Mot."). Plaintiffs filed an opposition. ECF

---

[1] The events that Defendants request to continue or vacate include the following: filing of pretrial motions, Mandatory Settlement Conference, pretrial disclosures, Local Rule 16.1(f)(4) meet and confer, joint statement regarding willingness to participate in another

1

No. 60 ("Opposition" or "Oppo."). For the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** Defendants' ex parte motion.

## I. RELEVANT BACKGROUND

On November 8, 2018, Defendants removed this action from state court. ECF No. 1.

On October 17, 2019, Plaintiffs filed its First Amended Complaint. ECF No. 31.

On August 24, 2020, the district judge granted in part and denied in part Plaintiffs' motion for leave to file a Second Amended Complaint and denied as moot Defendants' motion to dismiss Plaintiffs' First Amended Complaint, or Strike Portions Thereof. ECF No. 54.

On August 31, 2020, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 55.

On September 14, 2020, Defendants filed a motion to dismiss Plaintiffs' SAC. ECF No. 56.

On September 28, 2020, Plaintiffs filed an opposition to Defendants' motion to dismiss the SAC. ECF No. 59.

On September 28, 2020, Defendants filed the instant Motion. ECF No. 58.

The remaining dates and deadlines in this action are as follows: pretrial motions filing deadline of October 9, 2020; confidential Mandatory Settlement Conference ("MSC") statements due November 10, 2020; MSC on November 18, 2020; pretrial disclosures deadline of November 30, 2020; Local Rule 16.1(f)(4) meet and confer deadline of December 7, 2020; joint statement regarding willingness to participate in another settlement conference by December 8, 2020; Plaintiffs to provide Defendants with proposed pretrial order by December 14, 2020; lodgment of proposed Final Pretrial

---

settlement conference, Plaintiffs to provide Defendants with proposed pretrial order, lodgment of proposed Final Pretrial Conference Order, and final Pretrial Conference. ECF No. 58 at 3–4.

Conference Order by December 21, 2020; and final Pretrial Conference on January 11, 2021. ECF Nos. 23, 51.

## II. LEGAL STANDARD

Once a Rule 16[2] scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 23 at 7 (stating that dates and times will not be modified except for good cause shown). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

## III. DISCUSSION

### A. Parties' Positions

Defendants argue that under the current schedule, the parties would be forced to unnecessarily litigate claims in a summary judgment motion that may be resolved by the pending motion to dismiss. Mot. at 3. They state that their motion to dismiss the SAC is scheduled to be heard on October 20, 2020, so it will not be ruled on before the October 9, 2020 deadline to file pretrial motions. Id. Defendants contend that good cause exists to grant their request because it would be a waste of resources for the parties and the Court to complete pretrial work and go forward with the MSC while their motion to dismiss is still pending. Id. at 4. They argue that the pretrial deadlines should be continued to (1) allow the Court sufficient time to issue its ruling on the motion to dismiss, (2) permit Defendants to file their answer to any remaining claims, and (3) allow Defendants to file, if necessary, their motion for summary judgment. Id. at 3.

---

[2] Citations of rules in this order refer to the Federal Rules of Civil Procedure, unless otherwise stated.

Plaintiffs oppose the motion, arguing that Defendants are seeking merely to further delay this action. Oppo. at 3, 6. Plaintiffs contend the current motion to dismiss is identical to Defendants' first motion to dismiss, which Plaintiffs claim the Court denied when it granted in part Plaintiffs' motion to amend the first amended complaint and stated, "In this case, the Court has considered and incorporated the arguments advanced in support of the Defendants' motion to dismiss/strike in its analysis of the motion to amend." Id. at 2; ECF No. 54 at 12. Plaintiffs also argue that (1) they have allowed Defendants numerous extensions in this case; (2) that Defendants have been aware of the pretrial motions deadline for over a year; (3) Defendants fail to cite a specific and necessary reason to extend deadlines; and (4) moving the trial date would be unfair and prejudicial to Plaintiffs who have been waiting for trial for years. Oppo. at 3–7.

### B.     Good Cause

The Court finds that extending the remaining dates and deadlines will promote judicial efficiency and save the parties' resources. Through no fault of the parties, the motion to dismiss the SAC will not be ruled on prior to the pretrial motions filing deadline. The Court finds an extension of the pretrial motions filing deadline will allow the Court time to rule on the motion to dismiss and clarify which causes of action remain before motions for summary judgment are due and before final trial preparation occurs in the remaining deadlines. The Court is not persuaded by Plaintiffs' claim that the district judge already denied an identical motion to dismiss filed by Defendants. The district judge wrote the following:

> In this case, the Court has considered and incorporated the arguments advanced in support of the Defendants' motion to dismiss/strike in its analysis of the motion to amend. Because the Court grants in part Plaintiff's motion for leave to amend, the Defendants' Motion to Dismiss or to strike is DENIED as moot.

ECF No. 54 at 12. Because the previous and almost identical motion to dismiss was denied as moot, the Court is not convinced that the first motion to dismiss was denied on the merits.

The Court finds that Defendants have been reasonably diligent regarding the remaining dates and deadlines. Although the Court has previously granted several extensions in this case, all but one of the deadlines at issue have never been continued. See ECF No. 23. Only the pretrial motions filing deadline was continued twice previously for good cause. See ECF Nos. 23, 41, 53. Defense counsel attests that she reached out to Plaintiffs' counsel beginning August 26, 2020—two days after the district judge granted in part and denied in part Plaintiffs' motion to amend the FAC—to discuss the upcoming deadlines and case scheduling. ECF No. 58-1, Declaration of Sylvia S. Aceves. ¶¶ 3–9. Defense counsel learned in September that Plaintiffs would oppose a motion to continue dates. Id. Defendants filed the instant Motion two weeks after filing their motion to dismiss the SAC. See ECF Nos. 56, 58. Therefore, the Court finds that Defendants acted reasonably diligently and without long delays to file the instant Motion as soon as they realized that their motion to dismiss the SAC would not be ruled on before the pretrial motions filing deadline.

Because the Court finds that Defendants acted reasonably diligently regarding the remaining dates and deadlines and that extending them will promote judicial efficiency and save the parties' resources, the Court finds good cause exists to extend the remaining pretrial dates and deadlines. See Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609. Nevertheless, the Court is mindful that this action was originally removed to federal court almost two years ago. See ECF No. 1. Accordingly, the Court finds good cause to amend the scheduling order, but for a shorter amount of time than requested. Barring any other extraordinary circumstances, if the new deadline arrives and the motion to dismiss has still not been ruled on, this Court will not grant a further continuance to the pretrial motions filing deadline. Given the age of this action, additional future extensions will begin to tip the scale from efficiency and economy to prejudice to Plaintiffs.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART and DENIES IN PART** Defendants' ex parte motion to amend the scheduling order as follows:

|  | OLD DATE | NEW DATE |
|---|---|---|
| Pretrial Motions Filing Deadline | October 9, 2020 | November 9, 2020 |
| Confidential MSC Statements Due | November 10, 2020 | January 12, 2021 |
| MSC | November 18, 2020 at 9:30 a.m. | January 20, 2021 at 9:30 a.m. |
| Joint Statement Regarding Willingness to Participate in Another Settlement Conference | December 8, 2020 | February 1, 2021 |
| Pretrial Disclosure Deadline | November 30, 2020 | February 8, 2021 |
| Local Rule 16.1(f)(4) Meet and Confer Deadline | December 7, 2020 | February 16, 2021 |
| Plaintiffs to Provide Defense with Proposed Pretrial Order | December 14, 2020 | February 22, 2021 |
| Lodgment of Proposed Final Pretrial Conference Order | December 21, 2020 | March 1, 2021 |
| Final Pretrial Conference | January 11, 2021 at 10:30 a.m. | March 8, 2021 at 10:30 a.m. |

All other requirements remain as previously set. See ECF No. 23.

**IT IS SO ORDERED**.

Dated:  October 5, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge