UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE CAVANAUGH; and THE ESTATE OF RICHARD BOULANGER,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18cv2557-BEN-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE MOTION TO CONTINUE PRETRIAL MOTIONS DEADLINE**<br><br>**[ECF No. 65]** |

On November 6, 2020, Defendants filed an ex parte motion requesting that the Court continue for at least thirty days the parties' deadline to file pretrial motions, which is November 9, 2020. ECF No. 65. Plaintiffs filed an opposition the same day. ECF No. 66.

Defendants' request comes about one month after the Court issued an order on October 5, 2020 that granted in part and denied in part Defendants' ex parte motion to continue all remaining pretrial deadlines. ECF No. 62. In that order, the Court found that "an extension of the pretrial motions filing deadline will allow the Court to rule on the [pending] motion to dismiss and clarify which causes of action remain before motions for summary judgment are due and before final trial preparation occurs in the remaining deadlines." Id. at 4. The Court then extended the deadline to file pretrial motions from October 9, 2020 to November 9, 2020 and stated that "[b]arring any other extraordinary circumstances, if the new deadline arrives and the motion to dismiss has still not been ruled

on, this Court will not grant a further continuance to the pretrial motions filing deadline. Given the age of this action, additional future extensions will begin to tip the scale from efficiency and economy to prejudice to Plaintiffs." Id. at 5.

Once a Rule 16[1] scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 23 at 7 (stating that dates and times will not be modified except for good cause shown). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Defendants claim that they were unable to obtain a motion hearing date for their pretrial motions, which is a requirement for filing a motion for summary judgment. ECF No. 65 at 2 (citing CivLR 7.1(b) and ECF No. 23, ¶ 8). They contend that they cannot file their motion for summary judgment without a hearing date, which constitutes an extraordinary circumstance warranting a continuation of the pretrial motions filing deadline by at least thirty days. Id. Defendants also contend that if the deadline is not extended and a ruling on the motion to dismiss is issued after the deadline, they will be deprived of either (1) filing a motion for summary judgment on the operative complaint if the motion to dismiss is denied and Plaintiffs are given leave to amend, or (2) the opportunity to review the ruling on the motion to dismiss before filing a motion for summary judgment. ECF No. 65 at 2–3.

Plaintiffs argue that any further continuance is unfair to Plaintiffs "who deserve their day in Court." ECF No. 66 at 3. They reiterate the Court's October 5, 2020 order stating

---

[1] Citations of rules in this order refer to the Federal Rules of Civil Procedure, unless otherwise stated.

that further extensions of the pretrial motions filing deadline will not be given barring extraordinary circumstances. Id.

Because the pretrial motions filing deadline will primarily affect the district judge, the Court consulted Judge Benitez's chambers. A motion hearing date is required before a motion may be filed, and once it has been obtained, the motion and supporting documents must be filed a minimum of twenty-eight days prior to the date for which the matter is noticed. CivLR 7.1(e)(1). There appears to be a miscommunication in that Plaintiffs were directed by the court clerk to call again to obtain a motion hearing date. Nevertheless, the Court finds that in this circumstance, the motion hearing date will be a better guide in determining the deadline to file a motion for summary judgment than the current deadline of November 9, 2020. The Court finds that in this case, the potential mismatch of a November 9, 2020 deadline and the date that will be twenty-eight days prior to the noticed motion hearing date is an extraordinary circumstance warranting a short continuance. No other pretrial deadlines will be affected, thus preventing a delay to trial that would prejudice Plaintiffs. Accordingly, the Court finds good cause to **GRANT IN PART and DENY IN PART** Defendants' ex parte motion as follows:

1. The current November 9, 2020 deadline to file pretrial motions is **VACATED**.

2. On or before **November 10, 2020**, Defendants shall obtain a motion hearing date for their motion for summary judgment. The filing deadline will be a minimum of twenty-eight days prior to the noticed motion hearing date, pursuant to Civil Local Rule 7.1(e)(1).

**IT IS SO ORDERED**.

Dated: November 9, 2020

Honorable Linda Lopez
United States Magistrate Judge